OPINION OF THE COURT
Per Curiam.
The Grievance Committee served the respondent with a verified petition dated May 26, 2010, containing two charges of professional misconduct arising from a common set of factual allegations, as follows:
On or about May 9, 2005, the Grievance Committee received a dishonored check notification from the Lawyers’ Fund for Client Protection (hereinafter the Lawyers’ Fund), that the respondent had issued two checks from his attorney trust account at Bank of America, in the total amount of $6,249, which were dishonored on or about April 8, 2005, due to insufficient funds. By letter dated May 12, 2005, the Grievance Committee requested that the respondent submit a written explanation for the foregoing within 20 days. He also was asked to provide bank and bookkeeping records with respect to his attorney trust account at Bank of America.
On or about June 6, 2005, the Grievance Committee received a dishonored check notification from the Lawyers’ Fund, reflecting that the respondent had issued two additional checks from his attorney trust account at Bank of America, in the total amount of $1,352.50, which were dishonored on or about May 11, 2005, due to insufficient funds. By letter dated June 9, 2005, the Grievance Committee requested that the respondent submit *60 a written explanation for the foregoing within 20 days. He also was asked to provide bank and bookkeeping records with respect to his attorney trust account at Bank of America. On or about June 28, 2005, the respondent submitted a written explanation, along with bank and bookkeeping records, regarding the foregoing matters.
By letter dated August 2, 2006, the Grievance Committee requested that the respondent provide additional information regarding the foregoing matters within 20 days. The respondent did not reply. By letter January 18, 2007, the Grievance Committee requested that the respondent reply to its previous letter. The respondent did not reply.
On or about February 15, 2007, the Grievance Committee received a complaint against the respondent from Paula Lewis (hereinafter the Lewis complaint), alleging that he had failed to communicate with her, and had neglected her matter. By letter dated March 8, 2007, the Grievance Committee requested that the respondent submit a written answer to the Lewis complaint within 15 days. The respondent did not reply.
By letter dated September 18, 2007, the Grievance Committee requested that the respondent contact it to schedule a meeting at the Grievance Committee’s office regarding all of the foregoing matters. On or about September 24, 2007, the letter was returned by the postal service with the notation “return to sender-attempted-not known unable to forward.” Upon obtaining an alternate address for the respondent, the Grievance Committee, by letter dated February 3, 2009, requested that the respondent contact them to schedule a meeting regarding all of the foregoing matters. The respondent did not reply.
In a letter dated March 23, 2009, sent by regular mail and certified mail, return receipt requested, to the respondent’s home address, the Grievance Committee requested that the respondent contact them within five days, and further advised that his failure to respond, or otherwise cooperate, constitutes professional misconduct independent of the merits of the underlying matters. The letter sent by certified mail, return receipt requested, was returned “unclaimed.” Although the letter sent by regular mail was not returned, the respondent did not reply.
The Grievance Committee thereafter obtained a judicial subpoena and subpoena duces tecum, dated April 4, 2009, directing the respondent to personally appear, with his files and records regarding the foregoing matters, at the Grievance Commit *61 tee’s offices on May 12, 2009. Following four unsuccessful attempts to personally serve the respondent at his home address, service of both subpoenas was effectuated by substituted service. The copies of the subpoenas, which were mailed to the respondent’s home address, were not returned. However, the respondent neither appeared at the Grievance Committee’s offices, as directed, nor produced the subpoenaed files and records. As of the date of the verified petition, the respondent had failed to communicate with the Grievance Committee, failed to submit an answer to the Lewis complaint and/or additional information regarding the bounced check inquiries, as requested, and failed to appear at the Committee’s offices as directed and/or provide the subpoenaed files and records.
Charge one alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Grievance Committee, in violation of former Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).
Charge two alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).
Thereafter, the Grievance Committee served the respondent with a verified supplemental petition dated February 10, 2012, containing two additional charges of professional misconduct, enumerated as charges three and four, emanating from a common set of factual allegations, as follows:
On or about November 12, 2004, the respondent deposited $15,000 into his attorney escrow account on behalf of a client (Lombardi). On or about March 10, 2005, check number 1709, in the amount of $15,000, payable to “Mr. & Mrs. Lombardi,” was paid against the respondent’s attorney escrow account at Bank of America. In the interim, on or about November 17, 2004, the balance in the respondent’s attorney trust account at Bank of America fell to $7,531.32, an amount $7,468.68 less than the amount required to be maintained on behalf of the client.
Charge three alleges that the respondent failed to maintain the funds of a client intact, by permitting his attorney escrow account to fall below the amount due to the client, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).
*62 Charge four alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3).
A hearing was conducted in this matter on February 28, 2013. The Grievance Committee rested its case upon the submission of a stipulation, dated September 28, 2011, wherein the respondent amended his answer with respect to charges one and two, to admit all of the factual allegations, while denying that his conduct violated the former Code of Professional Responsibility. The respondent did not admit the charges set forth in the supplemental petition (i.e., charges three and four). However, the documentary evidence annexed to the stipulation established that the respondent received $15,000 on behalf of “Lombardi,” and that the balance in his attorney trust account fell below that amount, to $7,531.32, on November 17, 2004, prior to the $15,000 being disbursed on March 10, 2005.
Following the hearing, the Special Referee sustained all four charges. The Grievance Committee now moves for an order confirming the report of the Special Referee and imposing such discipline as this Court deems just and proper. The respondent opposes the motion and cross-moves for an order disaffirming the report of the Special Referee. In the alternative, the respondent maintains that the appropriate measure of discipline is, at most, a public censure.
In view of the respondent’s judicial admissions, and the evidence adduced at the hearing, we conclude that the Special Referee properly sustained all four charges. Accordingly, the Grievance Committee’s motion to confirm the report of the Special Referee is granted, and the respondent’s cross motion is denied.
In determining an appropriate measure of discipline to impose, we note that charges one and two, which arose from sua sponte investigations of dishonored check notices, were triggered by a bank error. The escrow violation alleged in charge three was isolated in nature, and no client ultimately was harmed. Although the respondent has no prior disciplinary history, his failure to cooperate with the Grievance Committee constitutes conduct prejudicial to the administration of justice, and reflects adversely on his fitness as a lawyer. Similarly, his failure to maintain the funds of a client intact in his escrow account reflects adversely on his fitness as a lawyer.
Under the totality of the circumstances, the respondent is publicly censured for his professional misconduct.
*63 Mastro, J.E, Rivera, Skelos, Dillon and Lott, JJ, concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that the respondent, Edward J. Toscano, admitted as Edward Joseph Toscano, is publicly censured for his professional misconduct.